UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CALVIN THOMAS KING,                             Case No. 18-CV-0395 (DWF/SER)

Petitioner,

v.                                              **REPORT AND RECOMMENDATION**

DEPARTMENT OF CORRECTIONS,

Respondent.

---

Petitioner Calvin Thomas King filed multiple petitions for a writ of habeas corpus in this District pursuant to 28 U.S.C. § 2254, including the pleading used to initiate this action. Another magistrate judge of this District recently concluded that a substantially similar petition filed by King must be dismissed on the basis that the claims raised in that petition have not been fully exhausted in the state courts. *See King v. Minnesota*, No. 17-CV-5196 (SRN/TNL), ECF No. 12 (D. Minn. Mar. 19, 2018). This Court reaches the same conclusion and recommends dismissal of the habeas corpus petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. *See* 28 U.S.C. § 2254(b)-(c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See*

1

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). This requirement has been explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).

The basis for King's challenge to his conviction in this matter is unclear; King states that he is "challe[n]ging jurisdiction" and also suggests that the Ex Post Facto Clause of the federal constitution might somehow be implicated, but King does not flesh out his claims beyond those cryptic allegations. *See* Petition at 5 [ECF No. 1]. Even if his claims were meritorious, the Minnesota appellate courts remain fully capable of hearing and granting relief on those claims. King must therefore afford the appellate

courts an opportunity to hear his habeas corpus claims in the first instance. A review of the state-court records available to this Court confirms that King — who pleaded guilty to the offense at issue in November 2016, was sentenced in July 2017, and did not file a direct appeal — has not yet presented his claims to the Minnesota Supreme Court.[1] Indeed, it is not altogether clear that King has ever challenging his conviction before any state court. Until King has presented his claims to the Minnesota Supreme Court in a manner that allows that court to consider the merits of his claims, he may not seek federal habeas corpus relief. *See* 28 U.S.C. § 2254(b).

Accordingly, it is recommended that this matter be dismissed without prejudice; King may return to federal court and seek habeas corpus relief after fully exhausting his claims in the state courts. It is further recommended that King's application to proceed *in forma pauperis* [ECF No. 2] be denied, because his habeas corpus petition cannot be entertained. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996). Finally, King has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that King not be granted a certificate of appealability in this matter. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

---

[1] King acknowledges in his habeas corpus petition that he has not presented his claims to the state courts. *See* Petition at 6-7.

1. This matter be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

2. The application to proceed *in forma pauperis* of petitioner Calvin Thomas King [ECF No. 2] be DENIED.

3. No certificate of appealability be issued.

Dated: April 24, 2018　　　　　　　　　　s/ *Steven E. Rau*
　　　　　　　　　　　　　　　　　　　　Steven E. Rau
　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).